United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE MORA FRAGA,

Petitioner,

v.

DAVID JENNINGS, et al.,

Respondent.

Case No. 21-cv-01434-JST

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Re: ECF No. 73

For the reasons set forth below, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

## I. PROCEDURAL HISTORY

On February 28, 2021, Petitioner filed a complaint, habeas petition, and application for temporary restraining order seeking release from immigration detention and injunctive relief preventing his deportation. ECF Nos. 1–3. The Court granted a temporary restraining order on March 1, 2021 that was converted into a preliminary injunction on April 14, 2021. ECF Nos. 8, 19. The Court enjoined Respondents from re-detaining Petitioner until he was afforded a pre-deprivation hearing. ECF No. 8 at 1. Respondents appealed the preliminary injunction to the Ninth Circuit. ECF No. 29.

Separately, the Petitioner also had pending before the Ninth Circuit a petition for review of the Bureau of Immigration Appeals' order challenging his order of removal. *See* ECF No. 14 at 6. The Ninth Circuit denied that petition on August 2, 2021. ECF No. 59-2. The mandate issued on March 7, 2023. ECF No. 59-3.

On December 9, 2025, Respondents moved to vacate the preliminary injunction, asserting that Petitioner had become subject to a final removal order when the Ninth Circuit mandate issued.

ECF No. 59 at 2–3. Petitioner sought an extension of time to file an opposition, which the Court granted. ECF Nos. 64, 66. On February 16, 2026, Petitioner's attorneys filed a motion to withdraw as counsel on the basis of a breakdown in attorney-client relationship. The Court referred the withdrawal motion to Judge Robert M. Illman, who granted the motion and ordered Petitioner to inform the Court within 14 days whether he intended to proceed pro se or find new counsel. ECF No. 73 at 1. When Petitioner failed to respond, the Court issued a order on April 21, 2026 requiring a response from the petitioner by May 18, 2026. ECF No. 75. The Court warned Petitioner: "Failure to comply with this order in the time provided will result in dismissal of this action without prejudice for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b) and without further notice to the Petitioner." *Id.* Petitioner did not respond.

## II. DISCUSSION

A district court has the discretion to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute "operates as an adjudication on the merits.").

Courts weigh five factors in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik,* 963 F.2d at 1260–61 (citation and quotation omitted). As applied here, these factors weigh in favor of dismissal.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Petitioner failed to respond to

the Court's order seeking a response as to whether he intends to proceed pro se or seek counsel. *See* ECF Nos. 73, 75. Petitioner's failure to respond to two separate orders is contrary to the "public's interest in expeditious resolution of litigation." *Yourish* at 990. Accordingly, this factor weighs in favor of dismissal.

Second, "[i]t is incumbent upon the Court to manage its docket without being subject to [the] routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1261). Here, Petitioner has demonstrated such "routine noncompliance" by failing to respond to the Court's orders. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. The present delay has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Accordingly, this factor weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). The court in *Malone* found the plaintiff's excuse for her failure to comply with the order to be "groundless," justifying dismissal for failure to prosecute under Rule 41(b). *Id*. Here, Petitioner has failed to obey two court orders seeking response on whether he intends to proceed pro se or secure new counsel. In *Mondala v. Wells Fargo Bank, N.A.*, the court entered dismissal when the plaintiff was "entirely absent" and missed two court-ordered deadlines. 2018 WL 3126392, at *2 (N.D. Cal. June 26, 2018). Accordingly, this factor weighs in favor of dismissal.

Fourth, while "[p]ublic policy favors disposition of cases on the merits," such that "this factor weighs against dismissal," Petitioner is not precluded from litigating these claims when he is prepared to do so in compliance with the Court's orders. *See Pagtalunan*, 291 F.3d at 643.

Finally, the Court has attempted to avail itself of "less drastic sanctions" that have proven

United States District Court
Northern District of California

ineffective in advancing the case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The Court provided Petitioner with two weeks to let the Court know how he intended to proceed in the case. *See* ECF No. 73. The Court then entered an order requiring a response and gave him an additional four weeks to file a response. *See* ECF No. 75. The Court expressly warned Petitioner that his case was at risk of dismissal for failure to prosecute and gave him an additional four weeks to rectify the issue. *Id.* Accordingly, this factor weighs in favor of dismissal.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Petitioner's case for failure to prosecute is appropriate.

**CONCLUSION**

For the foregoing reasons, the Court dismisses the case and habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b). Dismissal is without prejudice. The Clerk of the Court is directed to enter judgment and close the case.[1] All pending motions are denied as moot.

**IT IS SO ORDERED.**

Dated: August 3, 2026

JON S. TIGAR
United States District Judge

[1] The preliminary injunction in this case is automatically dissolved upon entry of judgment. "A preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause." *U.S. Philips Corporation v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010) (citations omitted). "This principle stems from the very purpose of a preliminary injunction, which is to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *Id.* at 1094.